UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

Hindy Klein

                    Plaintiff,                                          Index No: 7:19-cv-11156


                    -against-                                           Demand for Trial by Jury


Experian Information Solutions, Inc.,
Transunion, LLC.,
Equifax Information Services, LLC.,
American Express Company,
Chase Bank (USA), N.A.

                    Defendant(s).
------------------------------------------------------------------------x


## COMPLAINT

Plaintiff Hindy Klein ("Plaintiff"), by and through her attorneys, Stein Saks, PLLC, as
and for her Complaint against Transunion, LLC, ("Transunion"), Experian Information
Solutions, Inc., ("Experian"), Equifax Information Services, LLC, ("Equifax"), American
Express Company ("Amex"), and Chase Bank USA, N.A. ("Chase") respectfully sets forth,
complains and alleges, upon information and belief, the following:


## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15
   U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and the Defendant's transact business here.

3. Plaintiff brings this action for damages arising from the Defendants violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of New York, residing at 152 Adar Ct. Monsey, NY 10952.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is a Ohio corporation registered to do business in the State of New York, and may be served with process upon the CT Corporation System, its registered agent for service of process at 28 Liberty Street, New York, NY, 10005.

7. At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

9.  Defendant Transunion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Transunion is a limited liability company and may be served with process upon The Prentice-Hall Corporation System, Inc., its registered agent for service of process at 80 State Street, Albany, NY, 12207.

10. At all times material here to Defendant Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Defendant Transunion disbursed such consumer reports to third parties under a contract for monetary compensation

12. Defendant Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a limited liability company and may be served with process upon Corporation Service Company its registered agent for service of process at 80 State Street, Albany, NY, 12207.

13. At all times material here to Defendant Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

14. At all times material hereto, Defendant Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Defendant American Express Company is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at for service c/o CT Corporation System, 28 Liberty Street, New York, NY, 10005.

16. Defendant Chase is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and may be served with process upon The Corporation Trust Company its registered agent for service of process at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

## FACTUAL ALLEGATIONS

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Amex Dispute and Violations

18. On information and belief, on a date better known to Defendants Experian, Equifax and Transunion (hereinafter "the Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to an Amex credit card account.

19. The inaccurate information furnished by Defendant Amex and published by the Bureaus is inaccurate since the reports reflect an incorrect account balance and past due balance.

20. The credit reporting for this account has the status as charged off but yet the account still includes a current past due balance. The debt cannot be charged off and still being reflected to a past due balance.

21. Furthermore, this past due amount is different from the balance owed, which is directly in violation of the required credit reporting procedures.

22. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

23. Plaintiff notified the Bureaus that she disputed the accuracy of the information the Bureaus were reporting, on or around June 17, 2019, specifically stating in separate letters sent to each credit bureau that she was disputing the reporting of the Amex trade line as well as the issue with the conflicting balances as described above.

24. It is believed and therefore averred that the Bureaus notified Defendant Amex of the Plaintiff's disputes.

25. Upon receipt of the dispute of the account from the Plaintiff by the Bureaus, Amex failed to conduct a reasonable investigation and continued to report false and inaccurate, adverse information on the consumer report of the Plaintiff with respect to the disputed account, and is still reporting a past due balance owed different from the overall balance despite the charge off status.

26. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the dispute account, the Bureaus did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

27. Notwithstanding Plaintiff's efforts, the Bureaus sent the Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendants

continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

28. As of the date of the filing of this Complaint, Defendant Amex continues to furnish credit data which is inaccurate and materially misleading, and the Bureaus reporting of the above-referenced trade lines continues to be inaccurate and materially misleading.

29. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

30. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

## Chase Dispute and Violations

31. On information and belief, on a date better known to Defendant Transunion, Transunion prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to the balances being reflected on multiple Chase credit card accounts.

32. The inaccurate information furnished by Defendant Chase and published by the Bureaus is inaccurate since the reports reflect incorrect charge off and account balances.

33. Transunion has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

34. Plaintiff notified the Bureaus that she disputed the accuracy of the information the Bureaus were reporting, on or around June 17, 2019, in a letter sent to Transunion that she was disputing the reporting of the two of her Chase credit card charge off balances.

35. It is believed and therefore averred that Transunion notified Defendant Chase of the Plaintiff's disputes.

36. Upon receipt of the dispute of the account from the Plaintiff by Transunion, Chase failed to conduct a reasonable investigation and continued to report false and inaccurate, adverse information on the consumer report of the Plaintiff with respect to the disputed accounts.

37. Additionally, Chase failed to mark the accounts as disputed despite receiving notification of the Plaintiff's disputes.

38. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed accounts, Transunion did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

39. Notwithstanding Plaintiff's efforts, Transunion sent the Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

40. As of the date of the filing of this Complaint, Defendant Chase continues to furnish credit data which is inaccurate and materially misleading, and Transunion's reporting of the above-referenced trade lines continues to be inaccurate and materially misleading.

41. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

42. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to Experian)

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

44. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

45. Experian violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

46. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h)  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

47. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

48. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and or Jury pursuant to 15 U.S.C. § 1681(n).

49. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Hindy Klein, an individual, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).


## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Experian)

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

51. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

52. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

53. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

   g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h)  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

54. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

55. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

56. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Hindy Klein, an individual, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### THIRD CAUSE OF ACTION
#### (Willful Violation of the FCRA as to Transunion)

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

58. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

59. Transunion violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

60. Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

61. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

62. The conduct, action and inaction of Transunion was willful rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

63. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Hindy Klein, an individual, demands judgment in her favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Transunion)

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

65. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

66. Transunion violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

67. Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

    h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

68. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

69. The conduct, action and inaction of Transunion was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

70. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Hindy Klein, an individual, demands judgment in her favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**FIFTH CAUSE OF ACTION**

**(Willful Violation of the FCRA as to Equifax)**

71. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

72. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

73. Equifax violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

74. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

g)  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

75. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

76. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and or Jury pursuant to 15 U.S.C. § 1681(n).

77. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Hindy Klein, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## <u>SIXTH CAUSE OF ACTION</u>

**(Negligent Violation of the FCRA as to Equifax)**

78. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

79. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

80. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

81. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b)  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d)  The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

    e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)   The failure to promptly delete information that was found to be inaccurate, or
could not be verified, or that the source of information had advised Equifax to
delete;

g)   The failure to take adequate steps to verify information Equifax had reason to
believe was inaccurate before including it in the credit report of the consumer.

82. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage
by loss of credit, loss of ability to purchase and benefit from credit, and the mental and
emotional pain, anguish, humiliation and embarrassment of credit denial.

83. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to
damages under 15 U.S.C. § 1681o.

84. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an
amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Hindy Klein, an individual, demands judgment in her favor against
Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15
U.S.C. § 1681(n).

## SEVENTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to Amex)

85. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though
fully stated herein with the same force and effect as if the same were set forth at length
herein.

86. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

87. Pursuant to the Act, all person who furnished information to reporting agencies must
participate in re-investigations conducted by the agencies when consumers dispute the
accuracy and completeness of information contained in a consumer credit report.

88. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

89. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

90. The Defendant Amex violated 15 U.S.C. § 1681s2-b; by failing to fully and properly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to the credit reporting agencies.

91. Specifically, Amex continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the inconsistent reporting of a past due balance in violation of credit reporting standards.

92. As a result of the conduct, action and inaction of the Defendant Amex, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

93. The conduct, action and inaction of Defendant Amex was willful, rendering Defendant Amex liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

94. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Amex in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Hindy Klein, an individual, demands judgment in her favor against Defendant, Amex, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## EIGHTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Amex)

95. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

96. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

97. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

98. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

99. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

100.    Defendant Amex is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

101.    After receiving the Dispute Notices from Equifax, Experian and Transunion, Defendant Amex negligently failed to conduct its reinvestigation in good faith.

102.    A reasonable investigation would require a furnisher such as Defendant Amex to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

103.    The conduct, action and inaction of Defendant Amex was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

104.    As a result of the conduct, action and inaction of the Defendant Amex, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

105.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Amex in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Hindy Klein, an individual, demands judgment in her favor against Defendant, Amex, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## NINTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Chase)

106.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

107.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

108.    Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

109.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

110.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

111.    The Defendant Chase violated 15 U.S.C. § 1681s2-b; by failing to fully and properly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to the credit reporting agencies.

112.    Specifically, Chase continued to report these accounts on the Plaintiff's credit report after being notified of her dispute regarding the charged off balances.

113.    Additionally, the Chase failed to mark the account as disputed after receiving notice of the Plaintiff's dispute.

114.    As a result of the conduct, action and inaction of the Defendant Chase, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

115.    The conduct, action and inaction of Defendant Chase was willful, rendering Defendant Chase liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

116.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Chase in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Hindy Klein, an individual, demands judgment in her favor against Defendant, Chase, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## TENTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Chase)

117.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

118.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

119.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

120.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

121.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

122.    Defendant Chase is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

123.    After receiving the Dispute Notice from Transunion, Defendant Chase negligently failed to conduct its reinvestigation in good faith.

124.    A reasonable investigation would require a furnisher such as Defendant Chase to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

125.    Additionally, the Defendant Chase failed to mark the accounts as disputed after receiving notice of the Plaintiff's disputes.

126.    The conduct, action and inaction of Defendant Chase was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

127.    As a result of the conduct, action and inaction of the Defendant Chase, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

128.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Chase in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Hindy Klein, an individual, demands judgment in her favor against Defendant, Chase, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## DEMAND FOR TRIAL BY JURY

129.     Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.


Dated:  Hackensack, New Jersey
        December 5, 2019


                                    /s/ Russel Weinrib
                                    **Stein Saks, PLLC**
                                    By:  Russel Weinrib

285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 115
Fax: (201)-282-6501
rweinrib@steinsakslegal.com